[Crim. No. 280. First Appellate District.—September 21, 1910.]

## THE PEOPLE, Respondent, v. AH HIM, AH KOW, AH HO, and AH YOU, Appellants.

CRIMINAL LAW—CATCHING FISH IN VIOLATION OF LAW—USE OF CHINESE SHRIMP OR BAG NET—SUPPORT OF VERDICT.—A verdict of guilty of catching fish in the waters of this state in the use of a "Chinese shrimp or bag net," in violation of section 636 of the Penal Code, is supported by evidence which clearly shows that upon the day upon which the charge is laid, the defendant in fact caught in their shrimp or bag nets and kept more food fish than shrimps, and took them to shore, where they were arrested, and further shows that they had in their camp on that day freshly caught fish as well as shrimps in process of drying. From these facts the jury were justified in finding that defendants used their nets for the purpose of catching fish as well as shrimps, which made them guilty under the statute.

ID.—PROVINCE OF JURY—PURPOSE OF USING NETS.—It was under the evidence peculiarly the province of the jury to determine the purpose with which the defendants used their nets.

ID.—EVIDENCE—PLACE OF FISHING.—The court committed no error in allowing evidence as to the place of fishing, and properly permitted the defendants to traverse the evidence for the prosecution as to the place where they were fishing.

ID.—SAMPLES OF FISH ALLOWED IN EVIDENCE.—The court properly
allowed samples of fish taken from defendants' boat by the officers
on the day in question, which were part of the fish caught in their
shrimp nets.

APPEALS by several defendants from several judgments
of the Superior Court of the City and County of San Fran-
cisco, and from orders denying their several motions for new
trial. Wm. P. Lawlor, Judge.

W. R. Twamley, for Appellants.

U. S. Webb, Attorney General, and J. Charles Jones, for
Respondent.

HALL, J.—The defendants were convicted of using Chinese
shrimp or bag nets for the purpose of catching fish in the
waters of the state of California, in violation of section 636
of the Penal Code. They have appealed to this court from
the several judgments and orders denying their motions for
new trials.

The principal point urged for a reversal is that the evidence
is insufficient to support the verdict in this, that it shows that
they were fishing for shrimp and not for fish.

They were certainly using Chinese shrimp or bag nets, and
the evidence clearly shows that upon the day upon which
the charge is laid they in fact caught in their bag nets both
shrimps and fish. In fact the evidence shows that they caught
and kept more fish than shrimps. The fish were all food fish
of different varieties, and for the greater part very small.
The fish as well as the shrimps (about four tons) were taken
from their nets, placed in their boat, and were being taken
by defendants to the shore when they were overhauled by the
officers. One of the officers on the day in question visited
the camp of defendants at Hunter's Point and found there
freshly caught fish as well as shrimps in process of drying.
From these facts the jury were justified in believing that de-
fendants used the nets for the purpose of catching fish as
well as shrimps. If they were using Chinese shrimp nets for
the purpose of catching fish they were guilty under the stat-
ute, though they were using the same nets for catching
shrimps also. It was under the evidence peculiarly the prov-

ince of the jury to determine the purpose with which defendants used the nets. The evidence is sufficient to support the verdict.

Appellants also contend that the court erred in sustaining an objection to the question asked by defendant's counsel of one of the defendants as follows: "Would you just state to the jury how far from Hunter's Point you were fishing on the eighth day of April of this year?" But an examination of the record discloses that the court did not sustain the objection. The court did make some observations as to the effect of section 781 of the Penal Code, but also stated that the court did not intend to prevent any traverse of the testimony for the people as to where the alleged act was committed. The question was, however, not answered, but that the court never ruled or intended to rule that such question should not be answered is made perfectly clear by its ruling on a similar question later put to the same witness, "How far from the Alameda county line were you fishing on the eighth day of April of this year?" The district attorney objected to the question, but the court overruled the objection, and in doing so stated that the evidence was in traverse of the testimony of the prosecution, and that the court would allow the defense to cover the point.

The only other point relied on is that the court allowed samples of fish taken from defendant's boat by the officers on the day in question to be introduced as evidence. These were a part of the fish caught by defendants in the shrimp nets, and their introduction was clearly proper.

The judgments and orders are affirmed.

Cooper, P. J., and Kerrigan, J., concurred.